PIETRI, APPELLANT, v. THE REGISTRAR, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of San Germán denying the admission to record of dominion title proceedings.

No. 172.—Decided March 30, 1914.

DOMINION TITLE PROCEEDINGS — CITATION BY PUBLICATION — CONSTRUCTION OF LAW—CONSTITUTIONAL LAW.—The period of sixty days prescribed by section 6 of the Judicial Order of April 4, 1899, amending article 395 of the Mortgage Law, for the admission of proofs, also governs the citation of unknown persons who may be prejudiced by the recording of dominion title proceedings. This period is sufficient and cannot be considered in conflict with the due process of law clause of the Constitution. See *Damers et al.* v. *Registrar,* decided March 30, 1914.

The facts are stated in the opinion.

*Mr. Benito Forés* for appellant.

Mr. Rafael B. Sama, the registrar, appeared by brief *pro se.*

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an administrative appeal from a decision of the Registrar of Property of San Germán refusing to admit to record certain dominion title proceedings approved by the District Court of Mayagüez.

Agustín Pietri Rodríguez filed in the said court a petition to establish his ownership of three rural properties which he had acquired by purchase in 1891 and 1894. After the petition had followed the course prescribed by law and the evidence had been heard, the court held, on November 4, 1913, that the dominion title had been proved. A certified copy of the court's final decision was issued and presented for record in the Registry of Property of San Germán and the registrar refused its admission to record on the grounds set forth in the following decision:

"Admission to record of the foregoing document is denied as to the property described under letter B because of the defect that notice by publication was not given for the period prescribed by subdivisions 2 and 3 of article 395 of the present Mortgage Law. Instead, a marginal note is entered on folio 1 of volume 14 of the Municipality of Sabana Grande, property No. 731, record letter A.

"San Germán, January 12, 1914."

In view of the adverse decision of the registrar, the petitioner again applied to the District Court of Mayagüez and obtained a declaration of said court, dated January 19, 1914, to the effect that although the edict published stated that persons wishing to oppose the petition should do so within a period of 60 days, more than 180 days had elapsed since the date of publication and no person had opposed the same nor had any objection been made thereto.

Thereupon the petitioner again presented in the registry the approved dominion title proceedings accompanied by a certified copy of the court's declaration of January 19, 1914, and the registrar refused to record the same for the reason set forth in the following decision, from which the present appeal was taken:

"After examining the accompanying documents, the admission to record of the foregoing document is denied as to properties *A* and *C because of the defect that notice by publication was not given for the period prescribed by subdivisions 2 and 3 of article 395 of the*

*present Mortgage Law.* In lieu thereof a marginal note is entered for 120 days on folios 6 and 10 of volume 14 of the Municipality of Sabana Grande, properties Nos. 732 and 733 respectively, record letter A. The conversion requested by virtue of said documents of the marginal note entered as to the property described under letter B is likewise denied *because the defect which caused the original entry still exists.* No marginal note is entered because it was entered on January 12 last, on folio 1 of volume 14 of the Municipality of Sabana Grande, property No. 731, entry letter A. San Germán. February 3, 1914.''

In his brief to this court the registrar sustains his refusal to record on the single ground that the provisions of subdivisions 2 and 3 of article 395 of the Mortgage Law were not complied with in prosecuting the dominion title proceedings, in that persons who might be affected by the record sought were given notice for a period of 60 days instead of 180 days.

Section 6 of the Judicial Order of April 4, 1899, reads as follows:

''The period of 180 days fixed in article 394 (395) of the Mortgage Law for the admission of proofs in the proceedings instituted to substantiate the acquisition of real estate so as to record the ownership thereof shall be understood as of sixty days.''

The said section 6 has been construed always by the courts to mean that notice to unknown persons who may be affected by the recording of a dominion title should be given for a period of 60 days and not for 180 days, otherwise its application would result in an absurdity. The period of 60 days is sufficient and cannot be considered inconsistent with the constitutional provision concerning due process of law. Section 95 of the Code of Civil Procedure fixes one month as the minimum period for summoning by publication a defendant residing out of the Island or absent therefrom.

Since the promulgation of the Judicial Order of April 4, 1899, hundreds of cases of dominion title proceedings have been prosecuted in the Porto Rican courts in the manner in

which this case was prosecuted and many of them must have been recorded in the Registry of Property of San Germán by the present registrar without any objection whatever. This official's change of opinion is due no doubt to his construction of the decision of the Supreme Court of the United States in the case of *Ochoa* v. *Hernández*, 230 U. S., 139, and in this connection we refer to and apply to the case at bar all that we have said and established in the opinion delivered as grounds for our decision in the case of *Damers and Kuenzli* v. *The Registrar of Property of San Juan*, decided today.

The appeal should be sustained and the decision appealed from reversed.

*Reversed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.